IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOREY HOLLINQUEST,<br><br>　　Petitioner,<br><br>v.<br><br>G.D. LEWIS, Warden,<br><br>　　Respondent. | No. C 12-1347 JSW (PR)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; VACATING DISMISSAL AND JUDGMENT REOPENING CASE; TO SHOW CAUSE**<br><br>(Docket No. 7) |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed this habeas action pursuant to 28 U.S.C. § 2254. The case was dismissed on April 26, 2012, on the grounds that Petitioner had not paid the filing fee or a completed application to proceed in forma pauperis ("IFP"). Unbeknownst to the Court, however, Petitioner had filed an IFP application; he has also paid the filing fee. Accordingly, his motion to reconsider and vacate the dismissal of this case is GRANTED, and the Clerk shall REOPEN the file. For the reasons discussed below, Respondent is ordered to show cause why the petition should not be granted.

## BACKGROUND

In 2008, Petitioner was convicted by a jury in Contra Costa County Superior Court of one count of first-degree murder and one count of robbery. The trial court sentenced

him to a term of life in prison without the possibility of parole. The California Court of Appal affirmed the judgment and on the same day denied a petition for a writ of habeas corpus. The California Supreme Court denied a petition for review.

## DISCUSSION

### I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### II    Legal Claims

As grounds for federal habeas relief, Petitioner claims: (1) the prosecutor concealed exculpatory evidence; (2) the prosecutor knowingly presented false testimony; and (3) the prosecutor used Petitioner's post-arrest and post-*Miranda* silence against him. Petitioner's claims are sufficient to warrant a response from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The motion for reconsideration (docket number 7) is GRANTED. The order of dismissal and judgment are VACATED.

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based upon the claims found cognizable above. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record

that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28)** days of the date the answer is filed.

    4. Respondent may, within **ninety-one (91)** days of the date this order is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

    4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    The Clerk shall reopen the file.

    IT IS SO ORDERED.

DATED: June 19, 2012

*[signature: Jeffrey S. White]*

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOREY HOLLINQUEST,<br><br>        Plaintiff,<br><br>  v.<br><br>G D LEWIS et al,<br><br>        Defendant.<br>_____/ | Case Number: CV12-01347 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Korey Hollinquest G53752
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: June 19, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk